IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN PATRICK OSBURN                                    PLAINTIFF

v.                                          Civil No. 1:22-cv-68-HSO-BWR

HUNTINGTON INGALLS
INDUSTRIES                                              DEFENDANT

**REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte* following pro se Plaintiff John
Patrick Osburn's failure to prosecute and failure to obey Court Orders. For the
reasons that follow, the undersigned United States Magistrate Judge recommends
dismissing this case without prejudice for failure to prosecute and failure to obey
Court Orders.

I. BACKGROUND

Plaintiff John Patrick Osburn ("Plaintiff" or "Osburn") filed this suit on March
29, 2022. Compl. [1]. On the same day, Plaintiff filed a [2] Motion for Leave to Proceed
*in forma pauperis* ("IFP"). On March 30, 2022, the Court granted the [2] Motion but
noted that summons had not been requested or issued in this case. Order [3]. The
Court reminded Plaintiff that the failure to timely serve Defendant may result in the
dismissal of this case without prejudice. *Id*. The Court also reminded Plaintiff of his
responsibility to prosecute the case and that the case could not proceed until
Defendant was served with process. *Id*. at 1. A copy of the [3] Order was mailed to

1

Plaintiff at his address of record.

After the deadline to serve Defendant Huntington Ingalls Industries ("Defendant") had long passed, the Court entered an [5] Order to Show Cause directing Plaintiff to, on or before October 14, 2022, file proof of valid and timely service of process on Defendant or show good cause in writing for his failure to timely serve Defendant. The [5] Order was mailed to Plaintiff at his record address but returned as undeliverable. *See* Docket Entry [6].

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to obey a Court order under Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Id*. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id*. at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th

2

Cir. 1992).

Here, the undersigned finds a clear record of delay and contumacious conduct on the part of Plaintiff. More than six months have passed since Plaintiff filed his [1] Complaint, and Defendant has not been served. Likewise, more than six months have passed since the Court reminded Plaintiff of his obligation to prepare summonses and present them to the Clerk of Court to serve on Defendant; yet, Plaintiff has not done so. *See* Order [3]. Additionally, the record indicates that Plaintiff is no longer interested in pursuing this case. Plaintiff has not filed a pleading or otherwise corresponded with the Court since March 29, 2022. *See* Mot. [2]. Nor has Plaintiff maintained a current address with the Court despite signing the portion of the [1] Complaint indicating that Plaintiff understood his responsibility to do so. *See* Compl. [1] at 9 ("I understand that my failure to keep a current address on file with Clerk's Office may result in the dismissal of my case."); *see also* Docket Entry [6] (indicating copy of [5] Order to Show Cause returned as undeliverable).

For those reasons, the undersigned finds that lesser sanctions than dismissal would not prompt diligent prosecution; instead, such efforts have proven futile. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal without prejudice based on plaintiff's failure to comply with a court order). Accordingly, the undersigned recommends dismissing this case without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide Court Orders.

## III.  RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing this case without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide Court Orders.

## IV.  NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

4

**SIGNED,** this the 18th day of October 2022.

_s/ Bradley W. Rath_

HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE