IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN PATRICK OSBURN**                                                                 **PLAINTIFF**

v.                                                         Civil No. 1:22-cv-68-HSO-BWR

**HUNTINGTON INGALLS
INDUSTRIES**                                                                          **DEFENDANT**

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [7] AND DISMISSING THE CASE

BEFORE THE COURT is United States Magistrate Judge Bradley W. Rath's Report and Recommendation [7], which recommends that this civil action be dismissed without prejudice for failure to prosecute and failure to obey Court Orders [3], [5]. R. & R. [7] at 1. After due consideration of the Report and Recommendation [7], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [7] should be adopted as the finding of this Court, and that Plaintiff John Patrick Osburn's claims should be dismissed without prejudice.

### I. BACKGROUND

Plaintiff John Patrick Osburn ("Plaintiff" or "Osburn") filed the present action on March 29, 2022, against Defendant Huntington Ingalls Industries ("Defendant"). Compl. [1]. He alleges that Defendant unjustly terminated him in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101

1

et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. *Id.* at 4, 6, 8. Plaintiff seeks $600,000.00 in lost wages. *Id.* at 5.

In addition to filing his action, Plaintiff also filed a Motion [2] for Leave to Proceed *in forma pauperis* ("IFP"). The Court granted Plaintiff's Motion [2] on March 30, 2022. Order [3]. In the Order [3], the Court noted "that the docket does not reflect that summonses have been requested or issued in this case," and reminded Plaintiff "that the case cannot proceed until Defendant has been served with a summons and the [1] Complaint." *Id.* at 1. Plaintiff was instructed that "it is Plaintiff's responsibility to prepare the summons to be served on Defendant and to present the completed summons to the Clerk of Court for issuance." *Id.* at 2. The Court warned Plaintiff that "[t]his case may be dismissed without prejudice if Defendant 'is not served within 90 days after the complaint is filed.'" *Id.* (quoting Fed. R. Civ. P. 4(m)). A copy of the Order [3] was mailed to Plaintiff at his address of record. Despite this warning, Plaintiff did not request that summons be issued or file any proof of service.

On September 14, 2022, long after the deadline to serve Defendant had passed, the Court issued an Order [5] to Show Cause, directing Plaintiff "to file proof of valid and timely service of process on Defendant or show good cause in writing for his failure to timely serve Defendant." Order [5] at 2. The Court again warned Plaintiff that "it is his responsibility to prosecute this case" and that "his claims will be subject to dismissal without prejudice and without further notice" if he failed to follow the Court's orders or advise the Court of a change in address. *Id.*

2

The Court instructed Plaintiff that his response to the Order [5] was due by October 14, 2022. *Id.* The Order [5] was mailed to Plaintiff at his address of record but was returned as undeliverable. *See* Envelope [6].

On October 18, 2022, the Magistrate Judge entered a Report and Recommendation [7] recommending that this case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders. R. & R. [7] at 2-3. The Magistrate Judge found a "clear record of delay and contumacious conduct on the part of Plaintiff" based on Plaintiff's failure to prepare summons, to serve Defendant, to keep a current address on file with the Clerk's Office, and to follow Court Orders [3], [5]. *Id.* The Report and Recommendation [7] was mailed to Plaintiff at his address of record. Plaintiff has not filed any objections to the Report and Recommendation [7], and the time for doing so has passed. Further, Plaintiff has not taken any action in this case since filing his Complaint [1] and Motion [2] for Leave to Proceed IFP on March 29, 2022. *See* Compl. [1]; Mot. [2],

## II. DISCUSSION

Where no party has objected to the Magistrate Judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). When there are no objections, the Court applies the "clearly

erroneous, abuse of discretion and contrary to law" standard of review to the report and recommendation. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted this required review, the Court concludes that the Report and Recommendation [7] is neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [7] as the opinion of this Court. Plaintiff has failed to diligently prosecute his case and has repeatedly violated Court orders. The Court warned Plaintiff in multiple Orders that it was his responsibility to diligently prosecute his case, or the case could be dismissed. Orders [3], [5]. Despite these warnings, Plaintiff has not taken any action in this case in the 226 days since filing his Complaint [1], including failing to serve Defendant and to maintain a current address with the Clerk's Office. The Court finds that dismissal without prejudice is appropriate.[1]

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [7] of United States Magistrate Judge Bradley W. Rath entered in this case on October 18, 2022, is **ADOPTED** in its entirety as the finding of this Court.

---

[1] Dismissal of Plaintiff's claims is also warranted under Rule 4(m), which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court notified Plaintiff that the case may be dismissed if Defendant was not served within 90 days, Order [3] at 2, and again instructed Plaintiff to serve Defendant or his claims would be dismissed under Rule 4(m), Order [5] at 2. 226 days have passed since Plaintiff filed his Complaint [1], and he has not shown good cause for his failure to serve Defendant.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff John Patrick Osburn's failure to prosecute and to follow the Court's orders. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 10th day of November, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE